IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-81140-TJM |
| | ) | |
| STEVEN GERARD LAPKE and | ) | CH. 7 |
| JENNIFER LEIGH LAPKE, | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER**

Hearing was held in Omaha, Nebraska, on March 24, 2008, on a Motion to Dismiss for Abuse Pursuant to 11 U.S.C. § 707(b)(3) filed by the U. S. Trustee (Fil. #29), a Motion to Dismiss for Abuse Pursuant to 11 U.S.C. § 707(b)(3) filed by Nebraska State Bank of Omaha, n/k/a Mutual of Omaha Bank (Fil. #34), a Motion to Intervene with U.S. Trustee Upon Motion to Dismiss filed by Nebraska State Bank of Omaha (Fil. #33), and Resistances filed by Debtors (Fil. #37, #38, and #39). Bruce C. Barnhart appeared for Debtors, James B. Cavanagh appeared for Mutual of Omaha Bank, and Jerry L. Jensen appeared on behalf of the U.S. Trustee.

The question presented is whether this Chapter 7 filing should be dismissed as an abuse of the provisions of this Chapter pursuant to 11 U.S.C. § 707(b)(3). For the reasons discussed below, the motions are granted.

*Background*

This case was previously before the Court on the question of whether Debtors' debts "are primarily consumer debts." In a Memorandum Opinion and Order filed January 23, 2008 (Fil. #62 and #63), this Court found that Debtors' debts are primarily consumer debts and that Debtors are subject to the means testing provisions of 11 U.S.C. § 707(b). As a result of such Order, Debtors filed a Chapter 7 Statement of Current Monthly Income and Means Test Calculation (Fil. #64), which showed negative monthly disposable income. Therefore, the presumption of abuse under 11 U.S.C. § 707(b)(2) does not arise in this case, and the U.S. Trustee is proceeding under 11 U.S.C. § 707(b)(3). Specifically, the U.S. Trustee asserts that this case should be dismissed as an abuse of the provisions of Chapter 7 using either the totality-of-circumstances or bad faith standards of 11 U.S.C. § 707(b)(3). According to the moving parties, the means test calculation provided by Debtors is not helpful in this analysis because it does not reflect Debtors' actual income and includes unnecessary and/or unreasonable expenses.

The operative facts in this case are undisputed. Debtor Steven Lapke is a physician. Prior to bankruptcy filing, he did business as a professional corporation under the name of "Family Health and Wellness, P.C." That corporation ceased operations prior to bankruptcy filing. Immediately before bankruptcy filing, Dr. Lapke secured employment as an ER director for Acute Care Incorporated, and is employed primarily at Crawford Memorial Hospital in Denison, Iowa, which is 96 miles from his home. Dr. Lapke's average gross monthly income is $22,630.00, or $271,560.00 per year. Ms. Lapke does not work outside the home at this time.

In November 2004, Debtors purchased a home in Papillion, Nebraska, which includes approximately 10 acres of land, and is currently valued at $800,000.00. Debtors have three mortgages secured by the home totaling more than $790,000.00. Accordingly, Debtors have little or no equity in the home. Debtors' mortgage payments total approximately $5,500.00 per month. Debtors live in the home with their three children. Two additional children of Dr. Lapke live in the home on a part-time basis. Debtors have three vehicles upon which they make secured debt payments (a 2001 Jeep Grand Cherokee, a 2005 Chevrolet Suburban, and a 2004 GMC Denali) totaling $1,421.00 per month. They also have secured debt payments totaling approximately $689.00 for a tractor with accessories, a riding lawnmower, two all-terrain vehicles, and a time-share in Puerto Vallarta, Mexico.

In addition to their substantial consumer debt (totaling more than $937,000.00), Debtors also have substantial business debt that arose out of Dr. Lapke's now-closed family practice clinic. It appears that their business-related debt is in excess of $740,000.00 and that over $80,000.00 is owed to the Internal Revenue Service.

### *Discussion*

11 U.S.C. § 707(b)(1) provides that a court may dismiss a case of an individual debtor whose debts are primarily consumer debts "if it finds that the granting of relief would be an abuse of the provisions of this Chapter." 11 U.S.C. § 707(b)(2) outlines the "means test" to determine whether a "presumption of abuse" arises. As indicated previously, the presumption of abuse does not arise in this case. Dr. Lapke did not secure his current employment until immediately prior to bankruptcy filing. Therefore, his actual income is substantially higher than his "current monthly income" as used in the means test calculation.

The U.S. Trustee and Mutual of Omaha Bank have filed their motions under § 707(b)(3), which provides in pertinent part as follows:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this Chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph[1] does not arise or is rebutted, the court shall consider –
> (A) whether the debtor filed the petition in bad faith; or
> (B) the totality of the circumstances * * * of the debtor's financial situation demonstrates abuse.

Accordingly, even where the presumption of abuse does not arise under § 707(b)(2), this Court must still determine whether the granting of Chapter 7 relief in this case would constitute an

---

[1] Congress apparently meant to refer to subsection (A)(i) of paragraph (2) because there is no subsection (A)(i) of paragraph (1).

abuse. Section 707(b)(3) provides the standard for such consideration, namely bad faith or the totality of the circumstances of Debtors' financial situation.

The U. S. Trustee and Mutual of Omaha Bank argue that Debtors' mortgage expense is excessive and unreasonable, and is an amount that is five times the IRS standard housing deduction for these Debtors in this locality. Further, the moving parties argue that Debtors' other secured debt payments are also excessive and unreasonable, and that it would be unfair to allow Debtors who earn over $22,000.00 per month to reaffirm substantial secured debt, live in an $800,000.00 house, and not pay anything to unsecured creditors.

The U.S. Trustee also notes that the 2005 bankruptcy amendments lowered the threshold in § 707(b) from "substantial abuse" to mere "abuse." Courts have continued to look at the reasonableness of housing expenses when determining whether a case should be dismissed under the new provisions of 11 U.S.C. § 707(b)(3). In this Court's Memorandum Opinions in the cases of *Brenda M. Nissen*, Case No. BK07-80605 (Bankr. D. Neb. Aug. 21, 2007), and *Gregory E. Mahar*, Case No. BK07-80606 (Bankr. D. Neb. Aug. 21, 2007), this Court was faced with a situation where the U.S. Trustee argued that the debtors' mortgage expenses were excessive and the cases should be dismissed as an abuse of the provisions of the Bankruptcy Code. After analyzing cases from other jurisdictions regarding excessive mortgage payments, this Court stated as follows:

> As indicated, Debtors here are devoting most of their net income (82%) to making interest payments on their home while paying nothing to unsecured creditors. The mortgage loans are in default and the mortgage lender has already obtained an order granting relief from the automatic stay. Debtors have stable incomes in amounts which are more than sufficient to pay all unsecured creditors in full even if they had a mortgage payment as high as $4,000.00 per month. Further, it is apparent that no illness, disability, unemployment, or other calamity prompted these cases. Instead, these cases were precipitated by payment problems related to contractors who provided work on Debtors' residence. These Debtors can substantially reduce their expenses, particularly their housing expense, without being deprived of adequate housing, food, clothing, or other necessities. Under the totality of the circumstances, these cases appear to be an abuse of the provisions of Chapter 7.

Of course, the facts in the present case are somewhat different than those in the *Nissen* and *Mahar* cases. Of particular note, Debtors are not devoting such a large percentage of their income to their home mortgage payments. Further, the bankruptcy filing was apparently precipitated by business debts related to Dr. Lapke's medical practice as opposed to the large housing expense. However, the fact remains that Debtors are paying mortgage payments of more than five times the IRS allowable standard. There simply is no evidence that Debtors have made any attempt to reduce their expenses, such as by moving to a more affordable home closer to Dr. Lapke's place of employment and/or reducing other secured debt obligations. It is clear that Debtors can substantially reduce their expenses without being deprived of adequate food, housing, clothing, or other necessities.

When considering whether the totality of the circumstances of a debtor's financial situation demonstrates abuse, a court should ascertain whether the debtor is

> merely seeking an advantage over his creditors, or instead is "honest," in the sense that his relationship with his creditors has been marked by essentially honorable and undeceptive dealings, and whether he is "needy" in the sense that his financial predicament warrants the discharge of his debts in exchange for liquidation of his assets.

*Haney v. Clippard (In re Haney)*, 2007 WL 781321, at *3 (W.D. Ky. Mar. 9, 2007) (quoting *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 433 (6th Cir. 2004)). In other words, courts have found that "substantial abuse" pre-BAPCPA could be predicated upon either lack of honesty or want of need, and Congress incorporated that construct into § 707(b)(3)(B). *In re Hess*, 2007 WL 3028422, at *2 (Bankr. N.D. Ohio Oct. 15, 2007). In determining whether the totality of the circumstances demonstrates abuse, courts consider a variety of factors, including whether the bankruptcy filing was precipitated by an unseen catastrophic event, such as a sudden illness or unemployment; whether the debtor is eligible for relief under another Chapter; whether there are non-bankruptcy remedies available to the debtor; whether the debtor can obtain relief through private negotiations; whether the debtor's proposed budget is excessive or unreasonable; whether the debtor has a stable source of future income; whether the debtor could provide a meaningful distribution in a Chapter 13 case; and whether the debtors' expenses could be reduced significantly without depriving them and their dependents of necessities. *In re Walker*, ___ B.R. ___, 2008 WL 696659, at *5-6 (Bankr. N.D. Ga. Mar. 5, 2008); *Stapleton v. Walker (In re Walker)*, 381 B.R. 620, 624-25 (Bankr. M.D. Pa. 2008). A debtor's actual ability to pay debts, regardless of the outcome of the means test analysis, is a necessary aspect of the "totality of the circumstances" analysis. *In re Hoffner*, 2007 WL 4868310, at *3 (Bankr. D.N.D. Nov. 21, 2007) (collecting cases). *See also In re Worrel*, 2007 WL 3374593 (Bankr. N.D. Iowa Nov. 9, 2007) (holding that under the totality of circumstances, leasing two expensive vehicles shortly before petition date is abusive); *In re Goodall*, 2007 WL 4868303 (Bankr. D.N.D. Sept. 14, 2007) (holding that under the totality of circumstances, debtor's cell phone expenses were excessive and if reduced would provide funds for a Chapter 13 plan); *In re Hicks*, 370 B.R. 919 (Bankr. E.D. Mo. 2007) (holding that debtor's ability to fund Chapter 13 plan is part of the totality of circumstances consideration); *In re Campbell*, 2007 WL 1376226 (Bankr. N.D. Iowa May 7, 2007) (same); *In re Freis*, 2007 WL 1577752 (Bankr. E.D. Mo. May 18, 2007) (holding that debtor's ability to pay is, in some instances, dispositive of abuse under totality of circumstances test); *In re Delunas*, 207 WL 737763 (Bankr. E.D. Mo. Mar. 6, 2007) (holding that debtors' living expenses for support of adult daughter were an abuse under the totality of the circumstances).

As the above cases demonstrate, when the presumption of abuse does not arise under 11 U.S.C. § 707(b), there is no "bright line" rule as to whether a debtor's income, housing, or other expenses are so high that it would be an abuse of the provision of the Bankruptcy Code to grant Chapter 7 relief. Instead, it is akin to "you'll know it when you see it." Here, we have Debtors who have stable income of more than $270,000.00 per year, live in an $800,000.00 home, maintain three car payments, as well as payments on tractors, mowers, all-terrain vehicles, and a time-share. Their expenses could be reduced significantly without depriving them and their dependents of necessities.

With a little belt tightening, they have the ability to pay something to unsecured creditors. Therefore, under the totality of the circumstances, this case is an abuse of the provisions of Chapter 7.

IT IS, THEREFORE, ORDERED: For the foregoing reasons, the U.S. Trustee's Motion to Dismiss for Abuse Pursuant to 11 U.S.C. § 707(b)(3) (Fil. #29), the Motion to Intervene (Fil. #33), and the Motion to Dismiss for Abuse Pursuant to 11 U.S.C. § 707(b)(3) filed by Nebraska State Bank of Omaha, n/k/a Mutual of Omaha Bank (Fil. #34) are granted. Debtors shall have until April 21, 2008, to file a motion to convert this case to a case under another Chapter of the Bankruptcy Code. If Debtors fail to do so, this case will be dismissed upon the filing of an affidavit by the U.S. Trustee requesting such dismissal.

DATED: March 31, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    Bruce C. Barnhart
    *James B. Cavanagh
    *Jerry L. Jensen/U.S. Trustee
    Richard D. Myers

Movant (*) is responsible for giving notice to other parties if required by rule or statute.